# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | | |
|---|---|---|
| Adam McDowell, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Auto Excel, Inc. d/b/a Southtown Motors, and Bryan A. Coyne, | ) ) | |
| | ) | |
| Defendants. | | |
| _____ | | |

## COMPLAINT

COMES NOW the Plaintiff, Adam McDowell, and brings this action pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201 et seq. (hereinafter referred to as the FLSA). The Plaintiff seeks damages equal to his unpaid wages and overtime worked, and liquidated damages that he is due because of the Defendants' violations of the FLSA. The Plaintiff further seeks reasonable attorney's fees and costs pursuant to 29 U.S.C. Sect. 216(b).

## JURISDICTION & VENUE

1. Jurisdiction is conferred upon this court by 29 U.S.C. Section 216(b) of the FLSA, by 28 U.S.C. Sect. 1331 (action arising under the laws of the United States), any by 28 U.S.C. Sect. 1337 (action arising under Acts of Congress regulating Commerce).

2. All parties are located within the Northern District of Alabama, Southern Division. Further, the acts complained of took place within this District and Division; therefore, proper venue for this action lies within the Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. Sect. 1391(b).

## PARTIES

1. The Plaintiff, Adam McDowell (hereinafter "Plaintiff") is a resident of Jefferson County, Alabama .

2. The Defendant, Auto Excel, Inc. d/b/a Southtown Motors, is a domestic company which operates several car lot in Jefferson and Shelby County, Alabama.

3. The Defendant, Bryan A. Coyne, is the owner of Auto Excel, Inc. and is a resident of Alabama.

## FACTS

**A.   Plaintiff**

4. Adam McDowell was, at all relevant times, an employee of Auto Excel, Inc. d/b/a Southtown Motors (hereinafter referred to as Southtown Motors) within the meaning of the Fair Labor Standards Act, 29 U.S.C.§ 203(e)(1).

5. During all relevant time periods, the Plaintiff was an employee of the Defendant, was covered by the full protections of the Fair Labor Standards Act, and did not perform any duties which would exempt him from the protections afforded by this law.

**B.     Defendants**

6.     Defendant, Auto Excel, Inc., is a domestic company which operates several car lots in both Jeffeson and Shelby County Alabajo

7.     Defendant Bryan Coyne, is the owner of Auto Excel, Inc. d/b/a Southtown Motors and is involved in the operational management of the car lot, and was responsible for the supervision of the Plaintiff, including the pay received by the Plaintiff and the hours worked by the Plaintiff.

8.     The Defendants comprise an enterprise engaged in interstate commerce for the purposes of the Fair Labor Standards Act; specifically, the Defendants engage in the business of operating a used car lot.

9.     Upon information and belief, the Defendants have gross revenues which exceed $500,000 per year.

10.    The Defendants are individually and jointly subject to the jurisdiction of the FLSA.

**FACTUAL ALLEGATIONS**

11.    Plaintiff, Adam McDowell, was employed by Southtown Motors to wit from late 2012 or early 2013 until December 26, 2016.

12.    Plaintiff McDowell was originally paid on a per job basis to work as a mechanic at the Defendants' car lot.

13. After roughly six months of employment, Plaintiff McDowell requested that he be paid on an hourly basis to perform the same job.

14. From that time on, McDowell was directed and required to work approximately 60 hours per week for the benefit of the Defendant but was not paid for overtime despite his conversion from a salaried to an hourly employee.

15. Despite regularly working more than 40 hours per week, the Plaintiff was not paid at the premium overtime rate for overtime work as required by 29 U.S.C. §207(a).

16. McDowell did not have any official management duties during his time at Southtown and the duties he performed for the Defendant would not have caused him to be exempt from the protections of the FLSA.

17. The violations were prolonged and were not of the nature that the Defendants can be found to have acted in good faith in paying the Plaintiff.

18. As employers, the Defendants had and continue to have a duty to keep certain records pursuant to 29 U.S.C. § 211(c), and the Plaintiff will be relying on these records during the course of this litigation to provide certain specific factual details, such as the Plaintiff's exact dates of employment, the amount of hours worked by the Plaintiff, the amount paid to the Plaintiff during each pay period and the rate of pay paid to the Plaintiff during his employment.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT
## (Overtime Violations – 29 U.S.C. § 207)

19.     The Plaintiff hereby alleges paragraphs 1 through 18 as though fully set forth herein.

20.     The Defendants failed to compensate the Plaintiff at the premium overtime rate required by 29 U.S.C. § 207(a) for all overtime hours worked.

21.     Throughout the Plaintiff's period of employment with the Defendants, the Defendants were aware of the overtime requirements of the FLSA. Despite this knowledge, the Defendants willfully failed to pay the Plaintiff in conformity with the overtime requirements of the FLSA.

22.     The Defendant's willful violations of the FLSA are evidenced by the pay stubs issued to the Plaintiff.  These pay stubs clearly show that the Plaintiff worked more than forty hours per week.  Despite this fact, the Plaintiff was not paid in compliance with the federally mandated overtime rate despite the Defendants having acknowledged the requirement to pay said rate on the Plaintiff's pay stubs.

23.     The Plaintiff was employed by the Defendants for an extended period of time but was never compensated for working overtime, a clear indication that the Defendants' violations of the FLSA were willful and intentional as they had a great deal of time to correct the problem but never did.

24. At all relevant times, the Plaintiff was an hourly employee who turned in his work hours either by punching a clock or submitting written time sheets in to be paid based off of a $15 per hour pay scale.

25. Neither the Plaintiff nor the Defendants were exempt from the requirements and the protections of the Fair Labor Standards Act.

26. Due to the violations of this law committed by the Defendants, the Plaintiff has been forced to suffer damages.

WHEREFORE, the Plaintiff requests this Honorable Court to grant the following relief:

A. All amounts of wages that the Plaintiff should have received under the Fair Labor Standards Act but for the Defendant's willful violation of his rights, plus an equal amount in liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

B. All reasonable costs and attorney fees pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

                                            Respectfully submitted,

                                            */s/ Joseph Henry Rutledge, II*
                                            Joseph Henry Rutledge, II (RUT021)
                                            Attorneys for the Plaintiff

                                            */s/William E. Rutledge*
                                            William Eugene Rutledge (RUT001)
                                            Attorneys for the Plaintiff

**OF COUNSEL:**
RUTLEDGE & YAGHMAI
Two Chase Corporate Drive
Suite 460
Birmingham, AL 35243
205/985-2411 T.
205/985-2412 F.
williamerutledge@aol.com
henry@rylaw.net


**NOTE TO CLERK:**
**PLEASE SERVE ALL DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:**

    Auto Excel, Inc d/b/a Southtown Motors
    C/O Bryan A. Coyne
    7431 Highway 49
    Columbia, Alabama 35051

    Bryan A. Coyne
    7431 Highway 49
    Columbia, Alabama 35051